William P. Buztrey Escambia County Attorney
QUESTION: May Escambia County impose a user fee on the sale of tickets for events at the civic center to fund the Historic Pensacola Preservation Board and The Arts Council of Northwest Florida?
SUMMARY: Escambia County may not impose a user fee on tickets sold to civic center events in order to fund the Historic Pensacola Preservation Board and The Arts Council of Northwest Florida when such fee has no relation to the use of the facility.
You state that the county wishes to impose a twenty-five cent per ticket surcharge on each ticket sold at the civic center in order to fund the Historic Pensacola Preservation Board and The Arts Council of Northwest Florida. You suggest that the purposes of the board[1] and council[2] have no apparent relation to the collection of the surcharge, yet funding of these entities would allow the county to attract tourism and enhance the cultural development of the citizens of Escambia County.
While noncharter counties have full authority to carry on county government acting through the exercise of home rule powers,[3]
the power to tax or levy special assessments is not derived from such home rule powers and must be authorized by law.[4]
By general law, counties are authorized to levy and collect taxes, both for county purposes and for providing municipal services within any municipal service taxing unity, and levy and collect special assessments.[5]
A special assessment is a charge against property which derives a special benefit from the expenditure of the money collected by the assessment in addition to the general benefit accruing to all property, nor, as you have stated, does the charge relate to the use of the civic center.
Counties are generally authorized to "[p]rovide parks, preserves, playgrounds, recreation areas, libraries, museums, historical commissions, and other recreation and cultural facilities and programs."[7] The Board of County Commissioners of Escambia County is statutorily authorized to make appropriations annually "from such funds as may be available" for the Historic Pensacola Preservation Board.[8]
The statutory authority to appropriate funds for the historic preservation board, however, does not constitute authority to levy and collect a tax or special assessment for that particular purpose. As you indicate, there is no statutory or constitutional authority for the county to collect the twenty-five cents per ticket fee to fund the historic preservation board or the arts council.
It would appear that the general support of historical preservation and cultural development in Escambia County is provided by the county for the benefit of all the citizens.[9]
While this office has recognized the validity of imposing charges or fees for the use of public facilities by members of the public, such fees and charges may not be imposed for the performance of a governmental duty owed to the public at large.[10] Furthermore, in the absence of a specific facility of program, the use of or participation in which can be identified to individual members of the public, a user fee or charge may not be imposed.[11]
Accordingly, the county may not impose a user fee or charge on sales of tickets at the civic center to fund historical preservation or cultural development, when such purposes have no relation to the use of the civic center facility.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 266.101(1), F.S., gives the purpose for the Historic Pensacola Preservation Board as to "acquire, restore, preserve, maintain, reconstruct, reproduce, and operate for the use, benefit, education, recreation, enjoyment, and general welfare of the people of this state and nation certain ancient or historic landmarks, sites, cemeteries, graves, military works, monuments, locations, remains, buildings, and other objects of historical or antiquarian interest of the City of Pensacola and surrounding areas."
[2] You state that the purpose of the arts council is to "preserve the local cultural heritage and to develop, advance, enhance and sustain the cultural life of the Northwest Florida area by providing a range of local arts agency services for the areas of Escambia, Santa Rosa and Okaloosa Counties . . . ."
[3] See, s. 125.01(1), F.S. (1990 Supp.) and Speer v. Olson, 367 So.2d 207 (Fla. 1978)
[4] See, AGO 83-64 (special assessments are levied under the taxing power and are a peculiar species of taxation).
[5] See, s. 125.01(1)(r), F.S. (1990 Supp.). Footnote 6: See, 48 Fla.Jur.2d Special Assessments s. 1.
[7] Section 125.01(1)(f), F.S. (1990 Supp.).
[8] Section 266.108, F.S.
[9] Cf., AGO 86-8 (restoration and maintenance of a municipality's harbor, a natural body of water which is not a public facility or system, is a governmental duty owed to the public at large).
[10] See, AGO's 85-101, 82-9 and 74-55 (user fees connote fees or charges for the use of public facilities; governmental body is without power to contract expressly or impliedly with a member of the public to charge for a governmental duty owed to the public at large or for the benefit of all.
[11] Cf., Contractors and Builders Association v. City of Dunedin, 329 So.2d 314, 320 (Fla. 1976) (raising expansion capital by setting water and sewer connection charges which do not exceed a pro rata share of reasonably anticipated costs of expansion is permissible where expansion is reasonably required and if use of the money collected is limited to meeting the costof the expansion).